# LANDIS RATH & COBB LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

919 MARKET STREET, SUITE 1800
P.O. BOX 2087
WILMINGTON, DELAWARE 19899
www.lrclaw.com

Matthew B. McGuire
Direct Dial: 302.467.4416
Email: mcguire@lrclaw.com

Telephone: 302.467.4400
Facsimile: 302.467.4450

November 26, 2025

**Via ECF**

The Honorable Chief Judge Karen B. Owens
United State Bankruptcy Court for the District of Delaware
824 North Market Street
6th Floor, Courtroom 3
Wilmington, DE 19801

Re: ***FTX Recovery Trust v. Farmington State Corporation et al.*,
Case No. 24-50197 (KBO)**

Dear Judge Owens:

I am writing for Plaintiff FTX Recovery Trust (the "Trust") to respectfully request clarification of whether the Court's November 25 Memorandum Order (D.I. 80) was without prejudice, or alternatively, with prejudice.

The Trust believes the Order should be without prejudice given the nature of the Court's rulings, which largely turn on the adequacy of Plaintiff's existing allegations. *See Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 861 (3d Cir. 2014) ("[W]hether or not a plaintiff seeks leave to amend, a district court considering a 12(b)(6) dismissal must permit a curative amendment unless such an amendment would be inequitable or futile. Here, the District Court dismissed the [complaint] with prejudice without making a finding that further amendment would be futile. This … was improper. [Plaintiff] must be permitted to file a second amended complaint unless the District Court makes a finding of futility.").

Alternatively, if the Court declines to clarify that the Order was without prejudice, the Trust respectfully requests clarification that it was with prejudice, to facilitate an appeal of the Order.

Respectfully submitted,

Matthew B. McGuire

cc: Counsel of Record (*via ECF*)