

faegredrinker.com

**Brett D. Fallon**
Partner
brett.fallon@faegredrinker.com
+1 302 467 4224 direct

**Faegre Drinker Biddle & Reath LLP**
222 Delaware Avenue, Suite 1410
Wilmington, Delaware  19801
+1 302 467 4200 main
+1 302 467 4201 fax

December 1, 2025

<u>**VIA ECF**</u>

The Honorable Karen B. Owens
Chief Judge
United State Bankruptcy Court for the District of Delaware
824 North Market Street
6th Floor, Courtroom 3
Wilmington, DE 19801

*Re:    FTX Recovery Trust v. Farmington State Corporation, et al.,*
*Adv. Pro. No. 24-50197*

Dear Judge Owens:

Defendants write in response to the Plaintiff FTX Recovery Trust's ("Plaintiff's") request for clarification (ECF No. 81), which suggests that the Court should clarify that the dismissal was without prejudice because the Court "must permit a curative amendment unless such amendment would be inequitable or futile." (*citing Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 861 (3d Cir. 2014). Defendants submit that any amendment would be both inequitable and futile and ask the Court to dismiss it with prejudice accordingly.

Plaintiff has already amended its complaint in response to Defendant's first motion to dismiss in this case. (ECF Nos. 9, 21). This would, therefore, be Plaintiff's *second* amended complaint, where its first did nothing to cure the fatal deficiencies. Accordingly, it is appropriate to dismiss with prejudice on a 12(b)(6) standard. *Krantz v. Prudential Invs. Fund Mgmt. LLC,* 305 F.3d 140, 144 (3d Cir. 2002) (upholding the denial of a second leave to amend where the district court concluded that the plaintiff "[w]as on notice of the complaint's deficiencies and failed to rectify them with his first amendment."); *see also U.S. ex rel. Schumann v. Astrazeneca Pharms. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014) (upholding a dismissal with prejudice where the plaintiff was on notice of the deficiencies in its pleading via prior motions to dismiss).

Further, contrary to Plaintiff's assertion that it is due a curative amendment, under Fed. R. Civ. P. 15(a) as incorporated by Fed. R. Bankr. P. 7015, litigants are only allowed to freely amend their pleadings once, and requests for additional amendments must either be with consent or the Court's leave. Therefore, even if the Court dismisses without prejudice, Plaintiff is required to file a motion for leave to amend, so that Defendants may object and the Court can assess the proposed amendment for inequity and futility, preventing the undue time and expense of another round of motion to dismiss briefing.

The Honorable Karen B. Owens                    - 2 -                    December 1, 2025

Defendants, one of whom is an individual, have limited resources and permitting another futile amendment is both wasteful and inequitable. Defendants respectfully request that the Court clarify that the dismissal is with prejudice.

Respectfully submitted,


Brett D. Fallon


cc:    Counsel of Record (via ECF)