# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (KBO)<br><br>(Jointly Administered) |
| FTX RECOVERY TRUST,<br><br>Plaintiff,<br>v.<br><br>FARMINGTON STATE CORPORATION (f/k/a FARMINGTON STATE BANK, d/b/a GENIOME BANK, d/b/a MOONSTONE BANK), FBH CORPORATION, and JEAN CHALOPIN,<br><br>Defendants. | Adv. Pro. No. 24-50197 (KBO) |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE
<u>SECOND AMENDED COMPLAINT</u>**

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

Per the Court's Amended Memorandum Order (Adv. D.I. 83 at 15, "**MTD Order**"), Fed. R. Civ. P. 15(a)(2), and Fed. R. Bankr. P. 7015, Plaintiff FTX Recovery Trust respectfully requests leave to file the proposed Second Amended Complaint submitted herewith as **Exhibit A** ("**SAC**"). A redline comparing the SAC to the First Amended Complaint (Adv. D.I. 21, the "**FAC**") is submitted herewith as **Exhibit B** and a proposed order is submitted herewith as **Exhibit C**.

## INTRODUCTION

1.  In ruling on the FAC's constructive fraudulent transfer claims, the MTD Order (i) held that Plaintiff had adequately alleged the insolvency of Alameda Research Ventures LLC ("**Alameda**") and the existence of a triggering creditor, and (ii) rejected Defendants' safe harbor defense, but (iii) deemed the FAC's reasonably-equivalent-value allegations inadequate. By this motion, Plaintiff seeks leave to address the latter issue by means of the proposed SAC.

2.  Leave to amend should be granted under the "liberal approach" to amendment required by the Federal Rules and the Third Circuit because the proposed SAC alleges facts that more-than-plausibly demonstrate each element of a constructive fraudulent transfer. As alleged in the proposed SAC, Alameda paid $11.5 million for 9.9% of Defendant FBH Corporation ("**FBH**"), an entity whose sole asset was a single-branch community bank ("**Farmington**") that serviced farmers in a small rural town (population 150) and had a tangible book value of just $5 million. Although FBH's counsel has previously argued that the outlandish $116 million valuation implied by Alameda's investment was justified by a supposed "business plan" involving cryptocurrency and cannabis, the SAC demonstrates (and certainly *plausibly alleges*, which is all that is required) that there was in fact *no business plan at all*. The closest thing to a business plan, as alleged in the proposed SAC, was a 2-page "business vision" comprised solely of platitudes and wishful thinking, bereft of *any* concrete plans, and with no hint of the financial projections, operating procedures, marketing strategies, compliance and risk management approaches, human capital plans, or other

requirements necessary to build and run a $116 million banking enterprise from scratch in a highly-regulated environment. *See, e.g.*, SAC ¶¶ 5-7, 67-69.

3.  In addition to alleging that there was never a business plan, the proposed SAC alleges (i) FBH paid just $3.1 million to buy *all* of the bank's equity sixteen months before Alameda's investment, during which time it had done nothing to materially increase the bank's value via a new business plan or otherwise, and certainly nothing that made the bank *forty times* more valuable; (ii) the vision of turning Farmington into a cryptocurrency and cannabis bank had essentially no chance of success given the regulatory scrutiny of cryptocurrency, the illegality of cannabis, the multiple regulatory restrictions prohibiting FBH and Farmington from changing their business models, and Farmington's complete lack of necessary finance, technology, and internal compliance and risk management functions, among other deficiencies, which would take years to build in even the best of circumstances; (iii) Alameda received no board representation, no governance rights, no control rights, and no mechanism even to force distributions to shareholders, in a context where the transaction documents included a red-flag, nonstandard disclaimer that the purchase price was "not an indication of present or future value"; and (iv) the 23x price-to-tangible-book-value multiple implied by the $116 million valuation exceeds **by an order of magnitude** the contemporaneous multiples applicable to two different crypto-friendly banks, both of which were well-developed institutions with existing digital asset market presence and decades of sophisticated banking experience supported by large staff, mature infrastructure, and significant assets. Moreover, *all* of Farmington's loans and deposits were sold in mid-2023 for a small fraction of what Alameda had paid for *9.9%* of the bank's equity roughly a year earlier. *See, e.g.*, SAC ¶¶ 2-11, 63-65, 68-76.

4. For the foregoing reasons, and because the proposed SAC is timely, non-prejudicial, and a good faith effort to address the Court's MTD Order, leave to amend should be granted.

## BACKGROUND

5. On November 8, 2024, Clifton Bay Investments LLC (f/k/a Alameda Research Ventures LLC) initiated this action by filing a complaint against Defendant FBH; FBH's wholly-owned subsidiary Farmington; and Jean Chalopin, who among other things was FBH's principal shareholder, Chairman, and President. The complaint asserted constructive fraudulent transfer claims against Farmington and FBH (Counts I & III); constructive fraudulent transfer claims against Chalopin (Counts II & IV); a claim for aiding and abetting breach of fiduciary duty against Chalopin (Count V); and a claim for aiding and abetting corporate waste against Chalopin (Count VI). Adv. D.I. 1.

6. On March 17, 2025, pursuant to the Court's *Order Granting the FTX Recovery Trust's Omnibus Motion to Substitute Plaintiffs in Adversary Proceeding* [D.I. 29554] and the *Notice of Substitution of Plaintiff* [Adv. D.I. 14], Plaintiff substituted for Alameda and filed the FAC. Adv. D.I. 21. Defendants moved to dismiss the FAC on April 18, 2025, and Plaintiff opposed on May 13, 2025. Adv. D.I. 28, 35.

7. The Court ruled on Defendants' motion to dismiss the FAC on November 25, 2025. Adv. D.I. 80. Among other things, the order rejected Defendants' argument that Plaintiff lacks standing to bring the fraudulent transfer claims under 11 U.S.C. § 544(b); rejected Defendants' argument that the Amended Complaint insufficiently alleged Alameda's insolvency at the time of the transfer; and rejected Defendants' safe harbor argument under Bankruptcy Code Section 546(e). *Id.* at 11-13. But the order dismissed the Amended Complaint on other grounds. As the sole basis for dismissing the fraudulent transfer claims, the MTD Order ruled that the FAC did not plausibly allege an absence of reasonably equivalent value. *Id.* at 13-14.

4

8. On December 2, 2025, the Court issued an Amended Memorandum Order clarifying that Plaintiff could move for leave to amend the FAC. Adv. D.I. 83 at 15.

9. The proposed SAC adds extensive new allegations concerning the absence of reasonably equivalent value. Based on those allegations and others, the SAC plausibly alleges fraudulent transfer claims against FBH (Counts I and III). The SAC also adds certain new allegations relating to the claims for aiding and abetting breach of fiduciary duty and aiding and abetting corporate waste against Chalopin (Counts V and VI), and retains the fraudulent transfer claims against Chalopin (Counts II and IV), but Plaintiff concedes that those claims even as amended would be subject to dismissal pursuant to the reasoning in the MTD Order (with which Plaintiff respectfully disagrees), and Plaintiff therefore does not intend to argue the merits of those claims and has included them in the SAC merely to preserve its appellate rights. The proposed SAC also removes Farmington as a Defendant.

**ARGUMENT**

**I.  LEAVE TO AMEND SHOULD BE GRANTED**

10. Under Fed. R. Civ. P. 15(a)(2), made applicable to this proceeding by Fed. R. Bankr. P. 7015, the Court "should freely give leave [to amend pleadings] when justice so requires[.]" "The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that 'a particular claim will be decided on the merits rather than on technicalities.'" *In re PMTS Liquidating Corp.*, 490 B.R. 174, 182 (D. Del. 2013) (citing *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990)). Under this liberal approach, "absent undue or substantial prejudice, an amendment should be allowed … unless denial can be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment." *Recor Med., Inc. v. Recora, Inc.*, 2025 WL 1069351, at *2 (D.

5

Del. Apr. 9, 2025) (citing *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004)). The criteria for amendment are easily satisfied here.

11. ***First***, the constructive fraudulent transfer claims alleged in the proposed SAC are not futile. "Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted" (*Recor Med.*, 2025 WL 1069351, at *2), and the analysis "follows the standard that applies to a motion under Rule 12(b)(6)—namely the *Twombly/Iqbal* pleading standard." *Id.* Thus, to state a non-futile claim for constructive fraudulent transfer, the SAC must plausibly allege "(i) the transfer[] w[as] made within two years of the petition date; (ii) the debtor received less than reasonably equivalent value in exchange of the transfers, and (iii) the debtor either was insolvent on the date that the transfer[] w[as] made or became insolvent as a result of the transfer[]." *In re FTX Trading Ltd.*, 2024 WL 4562675, at *12 (Bankr. D. Del. Oct. 23, 2024) (citing 11 U.S.C. § 548(a)(1)(B)). There is no dispute here as to the first or third of those elements.[2]

12. As to the second element of the constructive fraudulent transfer claims—*i.e.,* whether Alameda received less than reasonably equivalent value, which was the only issue the MTD Order cited as a basis to dismiss the FAC's fraudulent transfer claims—the proposed SAC alleges significant new facts that are more than sufficient to state a plausible claim. So as not to burden the Court with a duplicative recitation of the relevant allegations, some of which are summarized in the Introduction above, Plaintiff respectfully refers the Court to the proposed SAC for its substance, including among other things the allegations at paragraphs 1-12 and 52-79. Those allegations make clear that Alameda received less than reasonably equivalent value when it paid $11.5 million to purchase a 9.9% interest in a company whose sole asset was a single-branch

---

[2] As to the first element, the SAC alleges that the proposed transfer was made in 2022, just months before the petition date. *See, e.g.*, SAC ¶ 1. As to the third factor, the Court held in the MTD Order that Plaintiff has adequately alleged insolvency. Adv. D.I. 83 at 12-13.

community bank, in a transaction that valued the company at $116 million. *See In re R.M.L., Inc.*, 92 F.3d 139, 154 (3d Cir. 1996) (affirming the finding that the chance of receiving value was so small that reasonably equivalent value had not been conferred).

13. **Second**, the proposed SAC would not unfairly prejudice Defendants. To show unfair prejudice, the nonmoving party must demonstrate it would be "unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered if the amendment was timely." *In re The IT Grp.*, 361 B.R. 417, 421 (Bankr. D. Del. 2007) (quoting *Cuffy v. Getty Ref. & Mktg. Co.,* 648 F. Supp. 802, 806 (D. Del. 1986)) (cleaned-up). The prejudice must be "significant" in that it is "substantial or undue." *In re Fleming, Co.*, 323 B.R. 144, 148 (Bankr. D. Del. 2005) (internal citations omitted). The fact that an amendment might require a defendant to conduct further discovery does not establish unfair prejudice when "the facts and circumstances relating to the proposed amendments are closely intertwined with the allegations set forth in the original complaint." *Id.* at 148-49. None of those issues is a concern here because discovery has not started and the allegations in the proposed SAC would not expand the time frame or matters at issue, which are closely intertwined with those in the FAC.

14. **Third**, the proposed SAC is being properly advanced in good faith, within the timeframe permitted by the Court, in order to address issues that the Court identified for the first time in the MTD Order. *See United States ex rel. Customs Fraud Investigations, LLC. v. Victaulic Co.*, 839 F.3d 242, 250-251 (3d Cir. 2016) (reversing denial of motion to amend following dismissal, since "in the context of a typical Rule 12(b)(6) motion, a plaintiff is unlikely to know whether his complaint is actually deficient—and in need of revision—until after the [Court] has ruled"); *see also NHB Assignments LLC on behalf of Liquidating Tr. v. Gen. Atl. LLC*, 2013 WL 4630022, at *3 (D. Del. Aug. 29, 2013) (granting motion to file a third amended complaint two

years after the commencement of the case, even though the plaintiff had opportunities to file the proposed amendments earlier). Nor has there been a "repeated failure to cure [a] deficiency" warranting denial of this motion, since the proposed SAC would be Plaintiff's first attempt to cure the deficiencies after they were identified by the Court. *See In re: Opus E., L.L.C.*, 2013 WL 4478914, at *1 (Bankr. D. Del. Aug. 6, 2013) (allowing second amended complaint after dismissing the first amended complaint, which had been filed in response to a motion to dismiss); *Osco Motors Co., LLC v. Marine Acquisition Corp.*, 2014 WL 2875374, at *4 (D. Del. June 24, 2014) (similar).

## CONCLUSION

15. Plaintiff's motion for leave to amend should be granted.

| | |
|---|---|
| Dated: January 2, 2026<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>*/s/ Howard W. Robertson, IV*<br>Adam G. Landis (No. 3407)<br>Richard S. Cobb (No. 3157)<br>Matthew B. McGuire (No. 4366)<br>Howard W. Robertson, IV (No. 6903)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>E-mail: landis@lrclaw.com<br>        cobb@lrclaw.com<br>        mcguire@lrclaw.com<br>        robertson@lrclaw.com<br><br>-and-<br><br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br><br>Sascha N. Rand (*pro hac vice*)<br>Isaac Nesser (*pro hac vice*)<br>Heather Christenson (*pro hac vice*)<br>295 Fifth Avenue<br>New York, New York 10016<br>(212) 849-7000<br>sascharand@quinnemanuel.com<br>isaacnesser@quinnemanuel.com<br>heatherchristenson@quinnemanuel.com<br><br>Matthew Scheck (*pro hac vice*)<br>300 West 6th St, Suite 2010<br>Austin, Texas 78701<br>matthewscheck@quinnemanuel.com<br><br>*Counsel for Plaintiff* |