## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FTX TRADING LTD., *et al.*, | ) | Case No. 22-11068 (KBO) |
| | ) | |
| Debtors. | ) | |
| | ) | |
| FTX RECOVERY TRUST, | ) | |
| | ) | Adv. Proc. 24-50197 (KBO) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FARMINGTON STATE CORPORATION | ) | |
| (f/k/a FARMINGTON STATE BANK, d/b/a | ) | **Related D.I. No. 92** |
| GENIOME BANK, d/b/a MOONSTONE | ) | |
| BANK), FBH CORPORATION, and | ) | |
| JEAN CHALOPIN, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER ON MOTION TO AMEND

Before the Court is Plaintiff's motion for leave to file a second amended complaint ("the "Motion")[1] pursuant to Federal Rule of Civil Procedure 15(a)(1), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7015. The Motion was filed following the Court's Memorandum Order (the "MTD Order")[2] dismissing the First Amended Complaint ("FAC")[3] for failure to state a claim. Defendants oppose the Motion on the grounds that the proposed amendments are futile and that Plaintiff was previously provided with notice of the deficiencies in its pleading and failed to cure them. For the reasons set forth below, the Motion is granted in part and denied in part.

## LEGAL STANDARD

Courts should freely give leave to amend when justice so requires, but leave should be denied where (1) there is demonstrated undue delay, bad faith, or dilatory motives; (2) the

---

[1] Adv. D.I. 92.

[2] Adv. D.I. 83.

[3] Adv. D.I. 21.

amendment would be futile; or (3) the amendment would prejudice the other party.[4]  "In addition, the Court 'has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them.'"[5]

<u>**RELEVANT PROCEDURAL HISTORY**</u>

In the MTD Order, the Court dismissed the FAC's constructive fraudulent transfer claims against defendants FBH Corporation ("<u>FBH</u>") and Farmington Bank ("<u>Farmington</u>") for Plaintiff's failure to allege lack of reasonably equivalent value.  The Court dismissed the FAC's constructive fraudulent transfer claims against individual defendant Jean Chalopin ("<u>Chalopin</u>") for the additional reason of Plaintiff's failure to allege that Chalopin was a transferee as required by Section 550 of the Bankruptcy Code.  The Court dismissed the FAC's remaining claims for aiding and abetting breach of fiduciary duty and aiding and abetting corporate waste for Plaintiff's failure to allege knowing participation.  In the proposed Second Amended Complaint ("<u>SAC</u>"),[6] Plaintiff asserts the same claims as the FAC but has removed Farmington as a defendant.[7]

<u>**ANALYSIS**</u>

**I.    <u>Futility</u>**

"Under Rule 15(a), futility of amendment is a sufficient basis to deny leave to amend.  Futility 'means that the complaint, as amended, would fail to state a claim upon which relief could be granted.'"[8]

**A.    Amended Claims Against FBH (Counts I and III)**

Defendants argue that Plaintiff's proposed amendments to its constructive fraudulent transfer claims fail to correct the previous pleading deficiencies regarding lack of reasonably equivalent value.[9]  The Court disagrees.  In the FAC, Plaintiff alleged that the challenged transfer lacked reasonably equivalent value primarily because Alameda paid $11.5 million for a 10% interest in FBH, which only had a current value of $5.7 million.  But Plaintiff also alleged in the FAC that the investment may have produced significant future value for Alameda, thereby

---

[4] *United States ex rel. Schumann v. AstraZeneca Pharms. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014).

[5] *Id.* (quoting *Krantz v. Prudential Invs. Fund Mgmt. LLC*, 305 F.3d 140, 144 (3d Cir. 2002)).

[6] Adv. D.I. 85, Ex. 2.

[7] *Id.*

[8] *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175 (3d Cir. 2010) (quoting *In re Merck & Co. Sec., Derivative, & ERISA Litig.*, 493 F.3d 393, 400 (3d Cir. 2007) (internal quotation marks & citation omitted)).

[9] "[A] party receives reasonably equivalent value for what it gives up if it gets 'roughly the value it gave.'" *VFB LLC v. Campbell Soup Co.*, 482 F.3d 624, 631 (3d Cir. 2007) (quoting *In re Fruehauf Trailer Corp.*, 444 F.3d 203, 213 (3d Cir. 2006)).

suggesting that the challenged transfer was given for reasonably equivalent value.[10]  The SAC resolves this pleading problem by adding facts to clarify that the investment had little to no chance of generating a positive return from the start, and that it was effectively a gift from FTX to a longtime business partner.[11]  While the Plaintiff will ultimately need to establish the truth of its allegations, the SAC includes enough factual information to allow the claims to survive a motion to dismiss.  Therefore, the Court concludes that the amendments proposed with respect to Counts I and III are not futile[12] and that Plaintiff is permitted to amend its complaint accordingly.

### B.      Amended Claims Against Chalopin (Counts II, IV, V, and VI)

Plaintiff also seeks to amend its claims against Chalopin but "concedes" that its efforts to do so would be futile:

> The SAC also adds certain new allegations relating to the claims for aiding and abetting breach of fiduciary duty and aiding and abetting corporate waste against Chalopin (Counts V and VI), and retains the fraudulent transfer claims against Chalopin (Counts II and IV), but Plaintiff concedes that those claims even as amended would be subject to dismissal pursuant to the reasoning in the MTD Order (with which Plaintiff respectfully disagrees), and Plaintiff therefore does not intend to argue the merits of those claims and has included them in the SAC merely to preserve its appellate rights.[13]

In light of Plaintiff's concessions, the Court need not address the pleading sufficiency of the Chalopin claims and concludes that an amendment of these claims is not appropriate.

## II.    Failure To Cure Deficiencies Upon Notice

Defendants also argue that the Motion should be denied for the independent reason that Plaintiff has had multiple opportunities to state its claims and was previously given notice of its pleading deficiencies but failed to cure them.  Plaintiff responds that it was not aware of the precise nature of the FAC's deficiencies until the Court issued the MTD Order.  The Court agrees.  The Court's ruling was narrowly tailored to address specific pleading insufficiencies, and the amendments add substantial facts in response to the Court's concerns.

---

[10] MTD Order at 13 (quoting allegation in FAC that both Chalopin and FTX knew the potential value of pairing banks with cryptocurrency in the United States).

[11] *See e.g.*, SAC ¶¶ 6-8, 42-51, 54-58, and 63-80.

[12] *Mellon Bank, N.A. v. Official Comm. of Unsecured Creditors of R.M.L. (In re R.M.L.)*, 92 F.3d 139, 154 (3d Cir. 1996) ("In sum, because Intershoe expended $ 390,000 in commitment fees for a loan that had little chance of closing, we agree that the Committee met its burden of establishing that Intershoe failed to receive reasonably equivalent value.").

[13] Motion at ¶ 9.

## **CONCLUSION**

For the foregoing reasons, the Motion is granted with respect to Counts I and III of the SAC.  The remainder of the relief requested in the Motion is denied.

Dated: March 6, 2026
Wilmington, Delaware

Karen B. Owens
Chief Judge